IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

```
IN RE:                              )
                                    )
MICHAEL D. HEGLAR and               )         Case No. 09-51077
CYNTHIA G. HEGLAR,                  )
                                    )
              Debtors.              )         Chapter 13
_____)
```

## MEMORANDUM OPINION

This matter came before the Court on August 12, 2009, upon a proposed plan of reorganization (the "Plan") filed by the above-referenced debtors (the "Debtors") on July 15, 2009, and the Objection to Confirmation (the "Objection") filed by National Auto Finance Company ("National Auto") on July 23, 2009.  At the hearing, Brian Hayes appeared on behalf of the Debtors, Pamela P. Keenan appeared on behalf of National Auto, and Vernon C. Cahoon appeared on behalf of the Chapter 13 Trustee.  Upon consideration of the Plan, the Objection, the evidence presented at the hearing, the arguments of counsel, the relevant law, and the entire official file, the Objection will be sustained.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157 and 1334, and the General Order of Reference entered by the United States District Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(L), which this Court has the jurisdiction to hear and determine.

## II.  FACTS

On May 27, 2009, the Debtors filed for relief under Chapter 13 of the Bankruptcy Code. The Debtors purchased a 2004 Ford F250 Pickup (the "Vehicle") on October 11, 2007, less than 910 days before the petition date. On Schedule B, the Debtors listed the Vehicle and assigned a value of $13,435.00. Schedule D shows that National Auto has a purchase money security interest in the Vehicle for $24,884.00, $11,449.00 of which is unsecured. Schedule I shows that the male Debtor earns monthly net income of $2,559.00 from his employment at Keystone Automotive, and an additional $400.00 income from his lawn care business. On the Debtor's 2008 federal income tax return, the male Debtor reported $44,203.00 in wages earned from his full-time employment, and $15,217.00 in gross receipts from his lawn care business. The female Debtor does not work.

On July 15, 2009, the Debtors filed their plan of reorganization. The plan proposed to pay only the secured portion of National Auto's claim in the amount of $24,861.70 pursuant to Section 506(a) of the Bankruptcy Code. The Plan proposed that $14,670.00 of the debt be treated as secured and $10,191.70 as unsecured. National Auto was to be paid $275.00 per month over thirty-six months, with an interest rate of 4.5% and a $150.00 adequate protection payment. On July 23, 2009, National Auto filed an objection to confirmation, contending that the Debtors are required to pay National Auto's claim in full pursuant to the "hanging paragraph" located in Section 1325(a). The Debtors contend that National Auto's claim is not a 910 claim because the Vehicle was not acquired for the personal use of the Debtors, but rather was acquired for use in the male Debtor's lawn care business.

### III.  DISCUSSION

The "hanging paragraph" of Section 1325(a), states that:

For the purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if the collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

In this case, it is undisputed that National Auto has a purchase money security interest in the Vehicle, In re Price, 562 F.3d 618, 625 (4th Cir. 2009), and that the debt was incurred within 910 days before the petition date.  Thus, the only issue remaining is whether the Vehicle was acquired for the personal use of the Debtors.

The phrase "personal use" is not defined anywhere in the Code.  The Fourth Circuit Court of Appeals has held that "personal use" means non-business use without a profit motive.  In re Runski, 102 F.3d 744, 747 (4th Cir. 1996) ("[P]roperty used for business purposes or with a profit motive is not 'property intended primarily for personal . . . use' within the meaning of § 722.").  Numerous other courts have adopted this interpretation of  "personal use" in analyzing Section 1325(a).  See, e.g., In re Childers, No. 07-02332-5-ATS, slip op. at 2 (Bankr. E.D.N.C. Mar. 19, 2008); In re Phillips, 362 B.R. 284, 303-04 (Bankr. E.D. Va. 2007); In re Solis, 356 B.R. 398, 409 (Bankr. S.D. Tex. 2006); In re Lowder, No. 05-44802, slip op. at 3-4 (Bankr. D. Kan. June 28, 2006) (2006 WL 1794737).  When a debtor uses a vehicle for both personal and business use, these courts and others have adopted the Solis test, holding that if the personal use is significant and material, then the personal use requirement of Section 1325(a) is satisfied, regardless of whether there is also some business use.  Solis, 356 B.R. at 409.  In making this

determination, this Court must look to the Debtors' intended use at the time the Vehicle was purchased. In re Lorenz, 368 B.R. 476, 485 (Bankr. E.D. Va. 2007); Phillips, 362 B.R. at 301-02; Solis, 356 B.R. at 408-09.  Actual use is evidence of intended use.  Lorenz, 368 B.R. at 485; Solis, 356 B.R. 408-09.

Turning to the facts of this case, there is no question the Vehicle is used, and was acquired, at least in part, for business purposes.  The male Debtor testified that he started his lawn care business in 2001, well before the Debtors purchased the Vehicle.  He also testified that he purchased the Vehicle because he could no longer keep his lawn care equipment in a garage, and needed the Vehicle to safely tow a trailer carrying the equipment.  Absent the need for the trailer, he would not have purchased the Vehicle.

However, there is ample evidence to demonstrate that the Debtors' personal use of the Vehicle is significant and material.  The male Debtor uses the Vehicle to drive to and from his full-time job at Keystone Automotive, where he has been employed for the past seven years.  See Solis, 356 B.R. at 410 (holding that "personal use" includes transportation to and from work in almost all circumstances).  The male Debtor also earns a substantial majority of his income from his full-time job.[1]  The male Debtor testified that he did not insure the Vehicle as a commercial vehicle, which indicates that the Vehicle was intended for personal, rather than business use.  Finally, the number of miles driven in a non-business context substantially outweighs the number of miles driven for a business purpose, as noted on Schedule C of the Debtors' 2008 federal

---

[1] Schedule I shows that the Debtor earns $2,559.00 in net monthly income from his full-time job, as opposed to $400.00 from his lawn care business.  The Debtors' 2008 federal income tax return shows that the Debtor earned $44,203.00 in gross wages from his full-time job, and $15,217.00 in gross receipts from his lawn care business.

income tax return.

## IV. CONCLUSION

The Court concludes that the Debtors acquired the vehicle for personal use, and the "hanging paragraph" of Section 1325(a) applies to prevent the Debtors from bifurcating the claim of National Auto.  Therefore, the Objection will be sustained, and confirmation of the Plan will be denied.

This opinion constitutes the Court's findings of fact and conclusions of law.  A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MICHAEL D. HEGLAR and | ) | Case No. 09-51077 |
| CYNTHIA G. HEGLAR, | ) | |
| | ) | |
| Debtors. | ) | Chapter 13 |
| _____ | ) | |

PARTIES IN INTEREST

Michael and Cynthia Heglar

Brian Hayes, Esq.

National Auto Finance Company

Pamela P. Keenan, Esq.

Kathryn L. Bringle, Trustee